IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:14-cv-1382 |
| | : | |
| v. | : | |
| | : | |
| FIVE THOUSAND FOUR HUNDRED SEVENTY-NINE AND 00/100 DOLLARS ($5,479.00) IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |

VERIFIED COMPLAINT FOR FORFEITURE

Now comes the Plaintiff, United States of America, by and through its undersigned attorney, Deborah F. Sanders, Assistant United States Attorney, and respectfully states as follows:

1. This is a civil action in rem brought to enforce the provisions of 21 U.S.C. §881(a)(6), which provides for the forfeiture of the above referenced currency to the United States because it was used or intended to be used in exchange for controlled substances, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate the trafficking of a controlled substance, in violation of Subchapter I of Chapter 13 of Title 21 and is therefore forfeitable.

2. The Court has jurisdiction over this matter by virtue of 28 U.S.C. §§1345 and 1355.

3. Venue is proper in this District pursuant to 28 U.S.C. §§1355 and 1395.

4. Defendant is Five Thousand Four Hundred Seventy-Nine and 00/100 Dollars ($5,479.00) in United States currency ("Defendant Currency").

5. The Defendant Currency is located within this District having been deposited into the United States Department of Justice Asset Forfeiture Holding Fund.

6. The Defendant Currency was seized on March 11, 2014, from Raymone J. Jackson during a traffic stop initiated by the Ohio State Highway Patrol ("OSP"). The seizure was adopted by the Federal Bureau of Investigation ("FBI") on or about March 31, 2014.

7. On or about December 27, 2013, the Gallia-Meigs Major Crimes Task Force ("Task Force") became aware that a person identified as Raymone J. Jackson ("Jackson") was trafficking in illegal narcotics in the Gallia County, Ohio area. On that same date, a Confidential Informant ("CI") advised that he/she could buy "crack" from Jackson. The Task Force provided the CI with $100.00 of pre-recorded money and he/she, along with a member of the Task Force, traveled to a residence where the CI was to meet Jackson. The CI entered the residence then shortly thereafter returned to the Task Force member and turned over a plastic wrapper containing suspected crack cocaine that he/she had purchased from Jackson. A subsequent test of the contents of the wrapper by the Ohio Attorney General's Bureau of Criminal Investigations Laboratory determined that the contents of the wrapper contained cocaine.

8. On March 6, 2014, a grand jury sitting in Gallia County, Ohio, returned an Indictment in Court of Common Pleas Case Number 14CR33 charging Jackson with Trafficking in Drugs on December 27, 2013, a felony of the fourth degree, and with Possession of Drugs on

December 27, 2013, a felony of the fifth degree. An arrest warrant was issued for Jackson on the same date.[1]

9. On March 11, 2014, OSP Sergeant Nicolas S. Johnson, II, ("Sgt. Johnson") stopped a vehicle on west-bound US 35 in Gallia County, Ohio, for a window tint violation. Because the windows were so dark, Sgt. Johnson had the driver exit the vehicle and meet him at the rear of the vehicle. As they spoke, Sgt. Johnson learned that the driver was Anitra Lindsay and that her husband and her brother-in-law were also in the vehicle. Based on his work with the Task Force, Sgt. Johnson was aware of Anitra Lindsay's husband, Michael Lindsay, and suspected that the other occupant was Jackson whom he knew may have an active warrant for his arrest.

10. After confirming that a warrant had been issued for Jackson, Sgt. Johnson and a second officer who had arrived at the scene approached the vehicle and made contact with the occupants and asked the passenger seated in the back seat for his identification. The man advised that he did not have identification but that his name was Raymone Jackson. The officers had Jackson exit the vehicle, placed him in handcuffs, and advised him that there was an Indictment against him related to drug activity and a warrant for his arrest. During a search of his person incident to arrest Jackson was found to be in possession of a large amount of currency and a small bag containing what the officers suspected to be marijuana.[2] Sgt. Johnson seized the currency and marijuana and turned Jackson over to a deputy with the Gallia County Sheriff's Office for processing on the warrant.

---

[1] On August 26, 2014, a Judgment was entered in Court of Common Pleas Case Number 14CR33, accepting Raymone Jackson's plea of guilty to trafficking in drugs, a felony of the fourth degree.
[2] A subsequent test of the suspected marijuana by the Highway Patrol Crime Lab determined that it was in fact marijuana and weighed approximately 0.504 grams.

11. After clearing the scene, Sgt. Johnson proceeded to the Gallia-Meigs OSP Post with the seized currency to meet with, and turn over the seized currency to TF Agent Justin Rice ("Agent Rice"). Village of Rio Grande Police Department Sergeant Joshua Davies ("Sgt. Davies") along with his narcotics K-9 Smilla also met the officers at the post to conduct a canine sniff of the seized currency. At the post the officers used a controlled area containing thirty (30) lockers. Sgt. Davies with K-9 Smilla conducted a preliminary sniff of the area containing the lockers. K-9 Smilla did not show a change in behavior to the area or any of the thirty (30) lockers. Sgt. Davies and K-9 Smilla then left the area and Sgt. Johnson placed the currency seized from Jackson into one of the lockers without Sgt. Davies' knowledge. Sgt. Davies with K-9 Smilla returned and conducted another sniff of the area and the thirty (30) lockers at which time K-9 Smilla showed a positive alert for the odor of narcotics on the locker containing the currency seized from Jackson.

12. After the positive alert, Sgt. Johnson, Agent Rice, and Sgt. Davies counted the seized currency and determined that it totaled $5,479.00 (Defendant Currency).

13. On March 13, 2014, a corrections officer at the Gallia County Jail notified Agent Rice that Jackson was believed to be in possession of illegal narcotics while housed at the jail. Agent Rice along with TF Agent William Stewart proceeded to the jail and asked that Jackson be patted down and brought to speak with them. Corrections Officer Josh Perry ("Officer Perry") performed a pat down search of Jackson and brought him to the agents in the jail's booking area. Officer Perry advised that he believed that Jackson was clenching his buttocks during the pat-down.

14. After Jackson was seated in the booking area, Agents Rice and Stewart advised him that they had reason to believe that he had illegal narcotics on him. They also advised Jackson that if he did not turn them over they would obtain a search warrant. Jackson initially advised that he did not have any illegal narcotics but after approximately ten (10) minutes he advised that he did in fact have something and would turn it over. The agents took Jackson to a room in the booking area where he reached into his pants and produced a bag which appeared to hold other bags containing several pieces of white rock and pieces of a brown substance. Jackson provided that he was holding the narcotics for his brother and had taken possession of the narcotics during the traffic stop because he didn't know he had a warrant for his arrest. The bag was turned over to the Ohio Attorney General's Bureau of Criminal Investigations Laboratory where testing determined that the contents of the bag consisted of four (4) plastic bags containing heroin and thirteen (13) plastic bags containing cocaine.

15. While at the jail the agents also reviewed Jackson's inmate account and discovered that a person identified as Becca Williams who had placed money on the account of another inmate, Alfonso Johnson, had also placed $60.00 on Jackson's account on March 12, 2014. While the agents were at the prison speaking with Jackson they learned that Becca Williams had arrived and placed another $100.00 on Jackson's account and $60.00 on Alfonso Johnson's account. The agents spoke to Becca Williams regarding these transactions. She advised that Alfonso Johson's mother had told her whose accounts to place money on and that she was not aware of any drug related activity in the Gallia County Jail. It is the opinion of the agents that Jackson may have been selling the narcotics he had hidden on his body and was receiving payment through his jail account.

16. On or about June 19, 2014, the FBI received a claim asserting an interest in the Defendant Currency from Jackson. In his claim Jackson stated that the currency was the result of his wife, Brandy Jackson, receiving her 2013 tax return. In support of his claim Jackson included a transcript from the Internal Revenue Service which summarizes the information given on Brandy Jackson's 2013 tax return, however, the transcript shows that the Internal Revenue Service did not receive the return until April 15, 2014, almost a month after the March 11, 2014, seizure of the Defendant Currency.

17. Jackson did not report employment when he was booked into the Gallia County Jail on March 11, 2014.

18. A review of Jackson's criminal history reveals that on or about April 5, 2013, Jackson plead guilty to possession of drugs, a felony of the fourth degree, in Gallia County Court of Common Pleas Case Number 12CR41, and was sentenced to sixty (60) months of community control which was in affect at the time of the December 2013 controlled buy.

19. The United States alleges that the Defendant Currency constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds of trafficking in a controlled substance, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. §841 et seq., and is therefore forfeitable pursuant to 21 U.S.C. §881(a)(6).

WHEREFORE, Plaintiff, the United States of America, respectfully requests:

(a) That the Court find reason to believe that the Defendant Currency is forfeitable to the United States of America under 21 U.S.C. §881(a)(6);

(b) That under 21 U.S.C. §881(b), 18 U.S.C. §981(b), and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court issue a Warrant of Arrest in Rem for the arrest and seizure of the Defendant Currency based on this verified complaint, to bring the Defendant Currency within the jurisdiction of the Court for purposes of this statutory forfeiture action;

(c) That notice of this action be given to all persons and entities known or thought to have an interest in or right against the Defendant Currency, to appear and show cause why the forfeiture should not be decreed;

(d) That notice of this action be given by advertising in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

(e) The Court decree that forfeiture of the Defendant Currency to the United States of America is confirmed, enforced, and ordered;

(f) The Court order the United States Marshals Service to dispose of the Defendant Currency as provided by the law;

(g) That Plaintiff be awarded its costs and disbursements in this action; and such other relief as this Court deems proper and just.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

DEBORAH F. SANDERS (0043575)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614)469-5715
Fax: (614)469-5240
Deborah.Sanders@usdoj.gov

## VERIFICATION

I, Justin Rice, am an Agent with the Ohio Organized Crime Investigations Commission (O.O.C.I.C.), Major Crimes Task Force Gallia-Meigs, and the agent assigned to this case. I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _29_ day of August, 2014.

JUSTIN RICE
O.O.C.I.C.
Major Crimes Task Force Gallia-Meigs